IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL L. ROSEBAR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil Action No. 3:23-cv-317 |
| ) | Judge Stephanie L. Haines |
| WARDEN MICHAEL UNDERWOOD, ) | Magistrate Judge Keith A. Pesto |
| FCI LORETTO, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM ORDER**

Presently before the Court is a Petition for Habeas Corpus filed under 28 U.S.C. § 2241 by *pro se* Petitioner Michael Rosebar ("Petitioner") (ECF No. 4). Petitioner included copies of legal statutes, legal research, and caselaw in his Petition. (*Id.* at 7-22). His Petition also includes nine exhibits, which show, among other things, that he is ineligible for Earned Time Credits ("ETC") under the First Step Act ("FSA") and that his projected release date is November 19, 2025.[1] These exhibits also contain filings from another of his cases involving a similar habeas petition before this Court, No. 3:22-cv-127, and a Restitution Order from his criminal proceedings before the United States District Court for the District of Columbia. (*Id.* at 33-34, 47-48). Petitioner contests his sentence and asserts that his Fifth and Sixth Amendment rights were violated during his trial. (*Id.* at 2). This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

---

[1] The Federal Inmate Locator shows that Petitioner was released on this date. *See* Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Dec. 2, 2025). The Court notes that if Plaintiff wishes to have his address changed on matters before this Court, it is his responsibility to file such notice at the appropriate case number.

1

A.   **Standard of Review**

A petition for a writ of habeas corpus must be promptly screened and is subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254; *see also id.* at Rule 1(b) (applying to Section 2241 petitions). Rule 4 also states that a judge must order the respondent to file an answer only "[i]f the petition is not dismissed...." *Id.* "The language of the rule thus makes clear: where it is plainly apparent from the face of the petition that the petitioner will not prevail, the petition should be dismissed without ordering the respondent to answer." *Santiago Rosario v. Philadelphia Cnty.*, No. CV 19-6017, 2020 WL 8674051, at *1–2 (E.D. Pa. Sept. 24, 2020), *report and recommendation adopted sub nom., Rosario v. Philadelphia Cnty.,* No. 19-CV-6017, 2021 WL 765781 (E.D. Pa. Feb. 26, 2021) (citing *Pritchard v. Wetzel*, No. 13-5406, 2014 WL 199907, at *2 (E.D. Pa. Jan. 16, 2014); *Smallwood v. Meisel*, No. 13-3989, 2013 WL 6153238, at *2 (E.D. Pa. Oct. 16, 2013), *report and recommendation adopted*, No. 13-3989, 2013 WL 6145123 (E.D. Pa. Nov. 21, 2013)).

The Advisory Committee Notes to this rule similarly recognize that "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." *Santiago Rosario*, 2020 WL 8674051, at *1–2 (E.D. Pa. Sept. 24, 2020); *see also Ogunlana v. Barraza*, No. 4:22-CV-01854, 2022 WL 17814213, at *1 (M.D. Pa. Dec. 14, 2022) ("28 U.S.C. § 2254 Rule 1(b) (permitting district court, in its discretion, to apply Rules Governing Section 2254 Cases to Section 2241 habeas petitions")); *id.* ("§ 2254 Rule 4 requiring courts to screen habeas petitions and, '[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner'").

Numerous courts within our Circuit have followed this interpretation and have dismissed habeas petitions upon an initial screening. *See, e.g., Shaw v. Wynder,* Civ. A. No. 08–1863, 2008 U.S. Dist. LEXIS 63928 (E.D. Pa. Aug. 20, 2008) (dismissing petition without requiring response where claim frivolous); *Craig v. Rozum,* Civ. A. No. 07–5490, 2008 U.S. Dist. LEXIS 26901 (E.D. Pa. Apr.2, 2008) (same); *Watson v. Wynder,* No. 07–4066, (E.D. Pa. Nov. 27, 2007) (same); *PorteYanes v. Lore,* No. 4:CV–07–1525, 2007 U.S. Dist. LEXIS 72130 (M.D. Pa. Sep. 27, 2007) (applying Rule 4 to § 2241 petition). *See also Allen v. Perini,* 26 Ohio Misc. 149, 424 F.2d 134, 140–41 (6th Cir.1970) (determining that a reviewing federal habeas court "has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face. No return is necessary when the petition is frivolous, or obviously lacking in merit, or where, as here, the necessary facts can be determined from the petition itself without need for consideration of a return."). *Alexander v. Corbin*, No. CIV.A. 11-2727, 2011 WL 5340568, at *1 (E.D. Pa. Sept. 28, 2011), *report and recommendation* adopted, No. 11-CV-2727, 2011 WL 5357828 (E.D. Pa. Nov. 3, 2011); *see also, Tice v. Wilson*, No. 1:24-CV-46-RAL, 2024 WL 1771054, at *1 (W.D. Pa. Feb. 29, 2024), *report and recommendation rejected on other grounds,* No. 1:24-CV-46, 2024 WL 1550331 (W.D. Pa. Apr. 10, 2024).

**B.     Discussion**

As stated above, Petitioner cites a variety of wrongs committed against him. (ECF No. 4). He argues, for instance, that he was not given a mental health evaluation before he represented himself *pro se* in federal court, that his Fifth and Sixth Amendment rights were violated when he was not allowed to cross-examine law enforcement on certain issues and when counsel failed to inform him of his right not to incriminate himself. (ECF No. 4 at 2).

Magistrate Judge Pesto screened Petitioner's Petition (ECF No. 4) and filed a Report and

Recommendation (ECF No. 5) recommending the Petition be denied. Judge Pesto states that Petitioner brings claims he previously asserted in Case Nos. 3:22-cv-127 and 3:23-cv-277. As a result, he states the Petition should be dismissed as an abuse of the writ. (*Id.*). Plaintiff was advised he had fourteen days to object to the Report and Recommendation. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Petitioner filed objections, asserting that his sentence should be reduced due to ETCs he should have received under the FSA. (ECF No. 6). Petitioner attaches three exhibits to his objections, including a Memorandum Order from this Court in Case No. 3:23-cv-277, a Report and Recommendation from Judge Pesto in Case No. 3:23-cv-317, and various documents showing his FSA time credit assessment and sentence monitoring computation data. (ECF Nos. 6-1 to 6-3).

Upon review of the record, the Report and Recommendation (ECF No. 5), Petitioner's Objections (ECF No. 6), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Pesto. Magistrate Judge Pesto correctly determined Petitioner has failed to state a claim upon which relief can be granted.

The Court will overrule Petitioner's Objections, contending that he is illegally being denied the benefits of ETCs under the FSA. Petitioner contends that he is owed 880 days of FSA credits, as shown by Exhibits 1 and 2 to his Objections. (ECF No. 6 at 2). However, Exhibit 1 shows that Petitioner was FSA ineligible as of November 1, 2023. (ECF No. 6-1). Exhibit 2 shows that he was FSA eligible as of January 23, 2023, but contains no additional information about Petitioner's ETCs accumulated pursuant to the FSA. (ECF No. 4-2). Petitioner offers no explanation for why he was, at one point, FSA eligible and then ineligible as of November 1, 2023 and this appears to be a typographical error as Petitioner's projected release date never changed from November 19, 2025. (ECF No. 6-2).

Further, the Court finds Petitioner's Petition moot. His Petition's Exhibit 2 shows that his projected release date was November 19, 2025. Indeed, the Federal Inmate Locator shows that he was released on November 19, 2025. *See* Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Dec. 2, 2025). As Petitioner was released from federal custody on November 19, 2025, this matter is now moot. *See Doe v. Deli*, 257 F.3d 309, 313 (3d Cir. 2001); *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996).

Accordingly, the following order is entered:

### ORDER

AND NOW, this 4th day of December, 2025, IT IS ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 5) is adopted as the Court's Opinion and;

IT IS FURTHER ORDERED that Petitioner's Objections (ECF No. 6) are hereby OVERRULED;

IT IS FURTHER ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 4) is hereby DENIED AS MOOT;

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

Stephanie L. Haines
United States District Judge

**Notice by US Mail to:**

Michael Lawrence Rosebar
34802-016
F.C.I. Loretto
P.O. Box 1000
Cresson, PA 16630
Pro se